UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MARTIN V. HOLSTEIN, individually
and on behalf of those similarly situated,

      Plaintiff,

v.                          Civil Action No. 2:14-21166

SEARS HOLDINGS CORPORATION
doing business as
SEARS and
SEARS, ROEBUCK AND CO. and
KMART CORPORATION and
KMART PHARMACY and
SEARS and
SEARS AUTO CENTER and
SEARS HOME SERVICES and
SEARS PROMOTIONS, LLC,

Defendants.

MEMORANDUM OPINION AND ORDER

    The court is in receipt of the parties' stipulation, filed

August 25, 2014, wherein they have stated that the defendants do

not oppose plaintiff's motion to remand, based on the

representations contained in the motion.  The court construes

the references to the motion as including the plaintiff's

supporting memorandum filed with the motion.

    Plaintiff Holstein filed this class action in the Circuit

Court of Kanawha County on May 21, 2014, alleging violations of

the West Virginia Wage Payment and Collection Act ("WPCA").  W.

Va. Code § 21-5-4.  Defendants Sears, Roebuck and Co., Sears

Holdings Corporation, and Kmart Corporation (collectively

"defendants") removed the case on July 8, 2014.  They claimed

jurisdiction for removal under the Class Action Fairness Act of

2005 ("CAFA").  28 U.S.C. 1332(d).  CAFA provides federal

district courts with jurisdiction over class actions in which 1)

the amount in controversy, in the aggregate, exceeds $5,000,000,

2) the proposed class contains at least 100 members, and 3)

there is "minimal diversity."  Id., see e.g., Caufield v. EMC

Mortg. Corp., 803 F. Supp.2d 519 (S.D. W.Va. 2011).

Plaintiff timely filed the motion to remand on August 7,

2014, arguing that the amount in controversy element is not

satisfied and therefore this court lacks subject matter

jurisdiction.

The other two elements are not in dispute.  Minimal

diversity is achieved when "any member of a class of plaintiffs

is a citizen of a State different from any defendant."  28

U.S.C. 1332(d)(2)(A).  As the plaintiff and all proposed members

of the class are citizens of West Virginia, and the defendants

are all corporations established under the laws of a foreign

state, each having its principal place of business in Illinois,

minimal diversity exists.  See Pl. Coml. ¶ 2; Def. Not. Remov.

¶ 8-10.  Additionally, as discussed below, both sides agree, and

the facts clearly indicate, that the proposed class contains at

least 100 members.   Thus only the amount in controversy

requirement remains as a potential impediment to this court

exercising jurisdiction under CAFA.

Plaintiff alleges that the applicable class period is the

five years prior to the filing of the complaint.   Pl. Compl. ¶

17.   According to the defendants, a review of their employment

records reflects approximately 11,000 terminations of employees

who worked for them during the class period in West Virginia.

Def. Not. Remov. ¶ 14.   The defendants divide these 11,000

terminations into three classes: "voluntary," "involuntary," and

"excluded." Id. at ¶ 15.   Approximately 7,900 of the

terminations were classified as "voluntary", 1,900 as

"involuntary", and 1,200 as "excluded."   Id.   Defendants assert

that the average gross paycheck amount for these terminated

employees is $360.   Id. at ¶ 17.   The WPCA provides for

liquidated damages equal to three times the amount of an

employee's final paycheck.   W. Va. Code § 21-5-4(e).

Plaintiff's motion to remand contains representations

limiting the scope of the putative class, representations which

the defendants have accepted by stipulation.   Specifically,

plaintiff asserts that he did not intend, and the law does not

permit, the class to include any of the 7,900 "voluntary"

terminations.   See Pl. Memo in Support of Mot. Remand.   In his

complaint, plaintiff defined the parameters of the putative

class as:

> All persons formerly employed by the Defendants at any
> time in the 5 years prior to filing of this Complaint .
> . . in West Virginia who were <u>discharged</u> and not timely
> paid all wages.

Pl. Comp. ¶ 17(emphasis added).  Discharge, although not

expressly defined in the WPCA, has been interpreted as referring

only to employees who have been involuntarily terminated.  <u>See</u>

<u>Lehman v. United Bank, Inc.</u>, 228 W.Va. 202, 719 S.E.2d 370 (W.

Va. 2011)(discussing the plain meaning of the language of the

WPCA and approvingly citing regulations which define 'discharge'

as "any involuntary termination or cessation of performance of

work by employee due to employer action.")(<u>citing</u> W.Va.C.S.R. §

42-5-2.8).

Plaintiff further asserts that the 1,200 "excluded"

terminations do not fall into the putative class because the

WPCA distinguishes between employees who have been "laid-off"

and those who have been "discharged."  <u>See</u> Pl. Memo in Support

of Mot. to Remand, <u>citing</u> <u>Lehman</u> 228 W.Va. at 206, 719 S.E.2d at

374.  But even if the "excluded" terminations were added to the

"involuntary" terminations, the amount in controversy

requirement would not be satisfied.

Adding the 1,200 "excluded" terminations to the 1,900

"involuntary" terminations would result in a maximum class size

of 3,100 individuals.  Multiplying that number by the average
gross paycheck amount of $360 found by the defendants, and
trebling the damages as provided for in the WPCA, results in a
figure of $3,348,000.

In their notice of removal, defendants asserted that
because the WPCA allows for injured plaintiffs to recover their
attorney's fees, such fees can be included in calculations of
the amount in controversy for purposes of removal.  See Def.
Not. Remov., see also Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th
Cir. 1983).  Even adding a one-third attorney's fee of
$1,116,000 to the above total, the amount in controversy
requirement is not met.

Under CAFA, defendants must provide the basis for federal
jurisdiction in their notice of removal.  Strawn v. AT & T
Mobility LLC, 530 F.3d 293, 297-98 (4th Cir. 2008).  If
jurisdiction is challenged by another party, the defendant must
defend the proffered basis.  Id. ("The removing party bears the
burden of proving that the federal court has jurisdiction over
the removed action.").  Defendants having stipulated that, based
on plaintiff's representations, they do not oppose plaintiff's
motion to remand, do not meet the burden imposed by CAFA and
Strawn.

Moreover, the Fourth Circuit has held that if any ambiguity

exists as to the propriety of removal, district courts should decline to exercise jurisdiction.  <u>Mulcahey v. Columbia Organic Chemicals Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994)("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.  If federal jurisdiction is doubtful, a remand is necessary")(internal citations omitted).

Accordingly, plaintiff's motion to remand is granted.  It is ORDERED that this action be, and it hereby is, remanded.

The Clerk is directed to transmit a copy of this order to all counsel of record and to any unrepresented parties, and further directed to forward a certified copy of this order to the clerk of the Circuit Court of Kanawha County.

DATED: September 9, 2014

_____

John T. Copenhaver, Jr.
United States District Judge